IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEWIS,                                    )
                                                  )
                        Plaintiff,                )
                                                  )
            v.                                    )        Case No. 08-2403-JWL
                                                  )
ALLEN PHROPHER and                                )
LUKE KELLER, JR.                                  )
                                                  )
                        Defendants.               )
                                                  )
_____ )

## MEMORANDUM AND ORDER

Plaintiff Anthony Lewis, acting pro se, asserts a claim for damages under 42

U.S.C. § 1983 against defendants Allen Phropher and Luke Keller, Jr., tribal police

officers for the Iowa Tribe of Kansas and Nebraska.  Specifically, plaintiff alleges that

defendants violated his rights under the Fourth, Fifth, and Fourteenth Amendments to

the United States Constitution in connection with their arrest of plaintiff on August 31,

2008.  The matter presently comes before the court on defendants' motion to dismiss

pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. # 9), in which defendants argue that their

sovereign immunity from suit deprives the court of subject matter jurisdiction.  For the

reasons set forth below, the court **grants** the motion in part, although plaintiff is granted

leave to file an amended complaint stating an actionable claim against defendants on or

before **January 21, 2009**.[1]

Indian tribes exercise inherent sovereign authority over their members and territories; accordingly, "suits against tribes are barred in the absence of an unequivocally expressed waiver by the tribe or abrogation by Congress." *Fletcher v. United States*, 116 F.3d 1315, 1324 (10th Cir. 1997) (citing *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509 (1991) and *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56 (1978)).   Such sovereign immunity also protects a tribal official sued in his official capacity. *See id.*   Therefore, any claim by plaintiff against the defendant tribal police officers in their official capacities is subject to dismissal on the basis of sovereign immunity.

Although plaintiff did not mention the Indian Civil Rights Act (ICRA), 25 U.S.C. § 1302, in his complaint, he now asserts that defendants violated that statute in connection with his arrest.   In the ICRA, Congress imposed restrictions on tribal governments similar to those contained in the Bill of Rights and the Fourteenth Amendment. *See Santa Clara Pueblo*, 436 U.S. at 57 (citing 25 U.S.C. § 1302).   The Supreme Court has held, however, that the ICRA does not contain the necessary waiver and that suits against tribes under the ICRA are therefore barred by sovereign immunity. *See id.* at 59.

---

[1]The court also grants defendants' motion for leave to file a short brief in response to plaintiff's unauthorized sur-reply and amended sur-reply briefs (Doc. # 15).   The court has considered both sides' additional briefs in ruling on the instant motion.

Tribal sovereign immunity, however, does not bar claims asserted against tribal officials in their individual capacities. *See Fletcher*, 116 F.3d at 1324 n.12. Thus, to the extent that plaintiff has asserted his claims against defendants in their individual capacities, such claims would not be subject to dismissal under Fed. R. Civ. P. 12(b)(1). It is unclear in this case whether plaintiff has asserted such claims against defendants—in naming the defendants, the complaint identifies them as employees of the tribal police department; the complaint does not indicate that defendants are being sued in their individual capacities; and plaintiff seeks compensatory damages but no punitive damages. *Cf. Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993) (court looks to substance of pleadings and course of proceedings to determine whether suit is for individual or official liability; claim for punitive damages, which are not available against states, indicated individual-capacity suit).

The court need not decide the capacities in which defendants have been sued, however, because plaintiff's Section 1983 claims are subject to dismissal for an additional reason.[2] To state a claim under Section 1983, a plaintiff must show that the

---

[2]Plaintiff would not be permitted to assert a claim against defendants in their individual capacities under the ICRA because that statute concerns only actions by tribes, not their officials, and the statute does not authorize a private action for its enforcement. *See Santa Clara Pueblo*, 436 U.S. at 72; *Fletcher*, 116 F.3d at 1324 n.12. Plaintiff also asserts in his briefs (although not in his complaint) that defendants violated the applicable tribal constitution. Such violations may not serve as the basis for a claim under Section 1983, however, which applies to actions under color of the law of a state. *See Chapoose v. Hodel*, 831 F.2d 931, 934 (10th Cir. 1987). Accordingly, the only possible basis for plaintiff's suit against defendants would be a claim under Section
(continued...)

alleged deprivation of a constitutional right was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *Id.* at 49 (internal quotation omitted).  The conduct at issue must be fairly attributable to the state for liability under Section 1983.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

In his complaint, plaintiff has alleged, in conclusory fashion, that defendants were acting "under color of state law" and "acting under color of authority" when they violated his constitutional rights.  Plaintiff has not alleged any facts to support that allegation, however.  To the contrary, the facts pleaded by plaintiff in the complaint indicate that defendants acted solely as tribal police officers, without any participation by state officials.  Therefore, plaintiff has not pleaded sufficient facts to support a claim under Section 1983, and plaintiff's complaint—even to the extent it asserts claims against defendants in their individual capacities—is subject to dismissal on that basis. *See, e.g.*, *Bradley v. Health Midwest, Inc.*, 203 F. Supp. 2d 1254, 1256-57 & n.2 (D. Kan. 2002) (conclusory allegation of action under color of state law insufficient); *Kearns v. Orr*, 1994 WL 173895, at *6 (D. Kan. Apr. 20, 1994) (facts alleged in pro se complaint

---

[2](...continued)
1983, based on violations of the United States Constitution (or other federal law), against defendants in their individual capacities.

4

did not support conclusory allegation that defendants acted under color of state law).[3]

It is not clear, however, that plaintiff could not possibly state a proper claim for relief under Section 1983 against these defendants.  Accordingly, because plaintiff is acting pro se, the court will grant plaintiff an opportunity to file an amended complaint asserting a claim against these defendants in their individual capacities under 42 U.S.C. § 1983.  *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (dismissal of pro se complaint is only proper where it would be futile to give plaintiff an opportunity to amend); *Bradley*, 203 F. Supp. 2d at 1258 (allowing plaintiff opportunity to amend to allege sufficient facts supporting action under color of state law).  If plaintiff can properly allege facts supporting his allegation that defendants acted under color of state law, in support of a claim actionable at law as set forth in this opinion, he may file an amended complaint on or before **January 21, 2009**.  If no such amended complaint is filed by that date, plaintiff's complaint shall be dismissed in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to dismiss the complaint (Doc. # 9) is **granted in part**.  Any claims by plaintiff against

---

[3]The case of *Evans v. McKay*, 869 F.2d 1341 (9th Cir. 1989), cited by plaintiff, is easily distinguished.  In that case, the plaintiff had alleged facts that the tribal police defendants acted jointly with non-tribal police in committing the violations at issue.  *See id.* at 1348.  In this case, plaintiff has not alleged that defendants acted with state officials in any manner.

5

defendants in their official capacities are dismissed.  Plaintiff is granted leave to file an amended complaint stating an actionable claim against defendants in their individual capacities on or before **January 21, 2009**.  If no such amended complaint is filed by that date, plaintiff's complaint shall be dismissed in its entirety.

IT IS FURTHER ORDERED THAT defendants' motion for leave to file an additional reply brief (Doc. # 15) is **granted**.


IT IS SO ORDERED.


Dated this 22nd  day of December, 2008, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
