**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ANTHONY LEWIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 08-2403-JWL |
| ) | |
| **ALLEN PHROPHER and** ) | |
| **LUKE KELLER, JR.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff Anthony Lewis asserts a claim under 42 U.S.C. § 1983 against defendants Allen Phropher and Luke Keller, Jr., tribal police officers for the Iowa Tribe of Kansas and Nebraska. The matter comes before the court on defendants' motion to dismiss plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 21). For the reasons set forth below, the motion is **denied**.

### I.    Background

In his original pro se complaint, plaintiff alleged that defendants violated his rights under the United States Constitution in connection with their arrest of plaintiff on August 31, 2008. Defendant moved to dismiss that complaint, and the court granted the motion in part. *See* Memorandum and Order of Dec. 22, 2008 (Doc. # 19); *Lewis v.*

*Phropher*, 2008 WL 5381854 (D. Kan. Dec. 22, 2008). The court held that any claims against defendants in their official capacities were barred by sovereign immunity, and that the plaintiff could not maintain a claim against defendants in their individual capacities based on a violation of the Indian Civil Rights Act, 25 U.S.C. § 1302. The court also ruled that plaintiff could not maintain claims under Section 1983 against defendants in their individual capacities because the complaint did not contain facts to support the allegation that defendants had acted under color of state law. The court granted plaintiff leave, however, to amend his complaint to state a proper claim under Section 1983 against defendants.

On January 12, 2009, plaintiff filed his amended complaint (again pro se), alleging claims under Section 1983 against defendants in their individual capacities. Plaintiff alleges that defendant Luke Keller violated the Fourth Amendment to the United States Constitution when he arrested and subsequently imprisoned plaintiff without probable cause, a warrant, or a criminal complaint by the alleged victim, and without reading plaintiff his *Miranda* rights. He further alleges that defendant Allen Phropher violated the Fourth Amendment when he searched the trunk of plaintiff's car without consent, after the unlawful arrest, by coercing plaintiff's mother into opening the trunk. Defendants have moved to dismiss the amended complaint on two grounds: (1) plaintiff's failure again to allege facts showing that defendants acted under color of state law; and (2) defendants' qualified immunity.

## II.     Plaintiff's Procedural Motions

Throughout this litigation, plaintiff has filed a number of motions based on his misunderstanding of the applicable rules of procedure.  Most recently, plaintiff moved to strike defendants' motion to dismiss and supporting reply brief on the basis that defendants' counsel failed to file a written entry of appearance pursuant to D. Kan. Rule 5.1(d) (Doc. # 30); and plaintiff moved for default judgment, based on defendants' failure to file an answer within 20 days of the filing of the original and amended complaints (Doc. # 31).  The court summarily denied those motions, for reasons to be provided in this order (Doc. # 32).  The court provides that explanation now.

First, Rule 5.1(d) provides that a counsel's appearance "shall be entered by signing and filing a formal entry of appearance *or by signing the initial pleading, motion or notice of removal filed in the case*."  D. Kan. Rule 5.1(d) (emphasis added).  In light of this alternative means for entering an appearance, the court denied plaintiff's motion, as defendants' original motion to dismiss includes counsel's electronic signature.

Second, Fed. R. Civ. P. 12(a)(4) plainly provides that if a motion is filed under Rule 12, the usual 20-day deadline is altered, and a defendant's responsive pleading (such as an answer) is not due until after the court's ruling on the motion.  *Id.* Defendants' motions to dismiss have been timely; accordingly, their answer is not due until after the court's ruling on the instant motion, and the court also denied this motion by plaintiff.

### III. <u>Under Color of State Law</u>

To state a claim under Section 1983, a plaintiff must show that the alleged deprivation of a constitutional right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation omitted). The conduct at issue must be fairly attributable to the state for liability under Section 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Defendants argue that the amended complaint still does not adequately allege conduct by defendants under color of state law. Defendants concede, however, that in acting as tribal officers in their confrontation with plaintiff, they exercised authority derived from K.S.A. § 22-2401a(3).[1] Defendants' conduct thus meets the definition of "acting under color of state law" quoted above. Therefore, in light of defendants' admission that, in effect, they were acting under color of state law, the court will not dismiss plaintiffs' amended complaint on this basis, and defendants' motion is denied to that extent.

---

[1]This statute further provides that a tribe waives its sovereign immunity with respect to a claim brought under the Kansas tort claims act; plaintiff has not brought such a state law claim here, however.

### IV.  <u>**Qualified Immunity**</u>

Defendants argue that they are protected from liability by their qualified immunity.  "[G]overnment officials performing discretionary functions generally are granted a qualified immunity and are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (internal quotation omitted), *quoted in Archuleta v. Wagner*, 523 F.3d 1278, 1282-83 (10th Cir. 2008).  To overcome this qualified immunity defense, plaintiff must show that defendants' actions violated a constitutional right and that the right was clearly established at the time of the alleged violation.  *See Archuleta*, 523 F.3d at 1283.

In their motion to dismiss, defendants essentially argue that plaintiff cannot show a Fourth Amendment violation here with respect to his arrest or the alleged search of his car.  Defendants have improperly relied on their affidavits, however, in raising factual defenses in support of their motion to dismiss.  For instance, defendants argue that they did have probable cause to arrest plaintiff, based on statements by the alleged victim, plaintiff's mother, and plaintiff himself that plaintiff struck the victim with a stick.  With respect to the alleged search of plaintiff's car, defendants argue that plaintiff's mother voluntary opened the trunk and retrieved the stick for the officers and that they had probable cause to remove the stick from the trunk at any rate.

The court may not consider such facts in ruling on defendants' motion to dismiss, however.  The court must apply the same standard regarding dismissals in qualified

immunity cases as are applied to dismissals generally. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Thus, in the context of a motion to dismiss pursuant to Rule 12(b)(6), the court's review of the qualified immunity defense is limited to the pleadings. *See Dill v. City of Edmond, Okla.*, 155 F.3d 1193, 1203, (10th Cir. 1998).

In this case, plaintiff has alleged that defendants violated the Fourth Amendment by arresting without a warrant or probable cause and by searching his car trunk without a warrant or consent, through the use of coercion. Defendants have not disputed that such conduct, as alleged, would violate clearly established law applying the Fourth Amendment; indeed, in arguing that they did have probable cause to arrest and consent to search, defendants impliedly concede that point. *See, e.g.*, *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007) ("When a warrantless arrest is the subject of a § 1983 action, the defendant is entitled to qualified immunity if probable cause existed to arrest the plaintiff."); *United States v. Pena*, 143 F.3d 1363, 1365-66 (10th Cir. 1998) (exception to the requirement of a warrant for a search is valid consent, given voluntarily without coercion). Accordingly, plaintiff has adequately pleaded claims under Section 1983 that can withstand the defense of qualified immunity at this stage.[2]

---

[2]It is not clear that plaintiff has intended to assert a separate claim based on Officer Keller's failure to give him a *Miranda* warning, instead of merely alleging that failure as part of his unlawful arrest claim. The court would note that a failure to give a *Miranda* warning may allow for the exclusion of a confession, but it may not provide the basis for civil liability of an officer. *See Bennett v. Passic*, 545 F.2d 1260, 1263
(continued...)

Of course, defendants are not precluded from filing a proper motion for summary judgment based on the facts as they have asserted them. The court declines to exercise its discretion to convert the present motion into a summary judgment motion pursuant to Fed. R. Civ. P. 12(d), however. *See Poole v. County of Otero*, 271 F.2d 955, 957 n.2 (10th Cir. 2001) (court is not required to convert a motion to dismiss to one for summary judgment). Therefore, the court denies defendants' present motion to dismiss.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to dismiss the amended complaint (Doc. # 21) is **denied**.

IT IS SO ORDERED.

Dated this 18th day of March, 2009, in Kansas City, Kansas.

>                s/ John W. Lungstrum
>                John W. Lungstrum
>                United States District Judge

---

²(...continued)
(10th Cir. 1976). Accordingly, plaintiff would not be entitled to pursue a separate *Miranda* claim here.